UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                    File No. 1:13-CR-246

EDDIE ALLEN JACKSON,

                                    HON. ROBERT HOLMES BELL

        Defendant.
_____/

# **O P I N I O N**

This matter is before the Court on the parties' cross-motions regarding res gestae or 404(b) evidence (Dkt. Nos. 23, 30), and on Defendant's motion to exclude the government's proposed expert witness (Dkt. No. 32). For the reasons that follow, the motions will be granted in part and denied in part.

## I.

Defendant is charged in a three-count indictment with the sex-trafficking of Minors #1, #2, and #3 (the "Minors"). The government filed a broad motion to permit testimony from other prostitutes and witnesses with knowledge of the Defendants' prostituting of women other than the alleged minor victims in the Indictment. The government advised that some of their testimony will be from their perspective as eye-witnesses of Defendant's prostituting of Minors #1, #2, and #3, but that other testimony will relate to what they knew of Defendant's sex trafficking of themselves or others. The government advised that it

intended to introduce this evidence to explain the background of the charged crimes and to corroborate the testimony of Minors #1, #2, and #3. (Dkt. Nos. 23, 24.) Defendant filed a cross-motion to exclude this evidence because it does not qualify as res gestae or Rule 404(b)(2) evidence, it is propensity evidence that is prohibited under Rule 404(b)(1), and should be excluded under Rule 403 because it is substantially more prejudicial than probative. (Dkt. No. 30).

In its trial brief, the government narrowed the evidence it seeks to introduce as res gestae or 404(b) evidence to the following items:

> (a) that he provided marijuana, alcohol, cigarettes, and tattoos to minors who worked for him;
>
> (b) that he used sex as a method of control over prostitutes;
>
> (c) that he had other prostitutes, both minors and adults, working for him as part of his sex-trafficking operation;
>
> (d) that he assaulted a minor who used to prostitute for him because she tried to take Minor #1 away while Minor #1 was working for him on the street;
>
> (e) that he assaulted Minor #2 for not listening to him while she was prostituting for him; and
>
> (f) that he flashed a gun at Minor #1 when he was angry with her for something she did with a customer.

(Dkt. No. 36, Gov. Trial Br. 20-21.) The government contends that this evidence will show that Defendant was a pimp and that he used certain methods and tactics to recruit and control prostitutes.

At the hearing on the motion Defendant objected to all six categories of evidence

2

based on his contention that none of this evidence is necessary to prove the charges in the indictment, and is instead prohibited propensity evidence. Defendant argues that this is particularly true with respect to prostitutes who are not named in the indictment.

The Sixth Circuit recognizes the admissibility of res gestae, or background evidence, in limited circumstances when the evidence includes conduct that is "inextricably intertwined" with the charged offense. *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir.2000)). Res gestae is "an exception to Rule 404(b)," but "it does not allow a party to evade 404(b) by introducing any and all other act evidence." *Id.* The res gestae principle is subject to "severe limitations as to temporal proximity, causal relationship, or spatial connections among the other acts and the charged offense." *Id.* at 698. Examples of evidence that may come within the res gestae principle are evidence that "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.*

The elements of the government is required to prove at trial to sustain a conviction for sex trafficking are:

> First: The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Minors #1, #2, or #3;
>
> Second: That the defendant did so knowingly or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and
>
> Third: That the defendant's acts were in or affecting interstate or foreign commerce.

(Dkt. No. 39, Jt. Proposed Instructions No. 12.)

The government intends to use evidence that Defendant provided the Minors with contraband, and that he used sex, force, and threats of force,[1] to show how the Defendant recruited, harbored, maintained and controlled the minors. How Defendant interacted with the minors and controlled their activities is inextricably intertwined with the charged offense. This includes the assault on another prostitute as long as the government can show that the assault was witnessed by one of the Minors and had the effect, or was calculated to have the effect, of letting her know what Defendant could do to exert control over her.

Evidence that Defendant had other prostitutes working for him[2] is more problematic. The government stated in its notice that other prostitutes will testify about how the defendant ran his sex-trafficking business, including the track where he took women to prostitute in Grand Rapids, his rules for prostitutes in terms of payment and time limits, using specific hotels and condom brands, using cell phones to contact prostitutes and customers, and his methods for controlling prostitutes including both sexual intimacy and violence. The government contends that the testimony is necessary for the jury to understand how the commercial sex trafficking of the Minors was part of the Defendant's broader sex-trafficking operation.

The indictment in this case is confined to Defendant's sex trafficking of three Minors,

---

[1] *See* items (a), (b), and (d)-(f) from the government's trial brief, as listed on p. 2, *supra*.

[2] *See* item (c) from the government's trial brief as listed on p. 2, *supra*.

not a broader sex-trafficking operation. Evidence that Defendant had other prostitutes working for him, and how he managed them is not inextricably intertwined with the charges in this case unless Defendant somehow puts the issue into contention. *See United States v. Willoughby*, 742 F.3d 229, 237 (6th Cir. 2014) (expressing skepticism that showing a "continuing pattern of illegal activity" or "a common plan or scheme to commit the charged crime" would support admission of a third party's testimony that the defendant pimped her). To the extent that evidence of Defendant's other prostitutes is offered to corroborate the testimony of the Minors, it creates a great risk of being prohibited propensity evidence. On the other hand, evidence that a witness prostituted for Defendant might be inextricably intertwined with her testimony about recruiting the Minors, or her eye witness testimony regarding the Minors. Such evidence may also qualify as evidence for another purpose such allowed under Rule 404(b)(2), such as knowledge or absence of mistake. *Willoughby*, 742 F.3d at 237 (holding that testimony of third-parties who were pimped by the defendant was relevant to prove that the defendant knew the area was a prostitution hub and that the victim would be caused to engage in a commercial sex act when he left her there). As the Sixth Circuit noted in *Willoughby*, knowledge that the minor would be caused to engage in a commercial sex act is an element of sex trafficking under 18 U.S.C. § 1591(a), and the government has a legitimate purpose in admitting evidence to prove that the defendant knew that the area where he left the minor was a location for prostitution, and that he therefore knew that the minor would be caused to engage in a sex act when he left her there. 742 F.3d at 237. However, the *Willoughby* court expressed some doubt as to whether the evidence

would survive the prejudicial/probative balancing required under Rule 403 since evidence from other prostitutes that the defendant had pimped them, i.e., evidence that he committed the same crime before, "unquestionably has a powerful and prejudicial impact." *Id.* at 238.

The Court cannot make a determination as to whether the evidence would be substantially more prejudicial than probative until the Court knows what the evidence is, and how it fits in with the other evidence at trial. Accordingly, to the extent the government offers evidence of other prostitutes to show a broader sex-trafficking operation or for the purpose of corroborating the testimony of the Minors, the Defendant's motion to exclude such evidence will be granted and the government's motion will be denied. In all other respects, the government's motion is granted, and Defendant's motion is denied, without prejudice to Defendant's right to raise the objection when and if the issue arises in a more concrete fashion in the context of the trial.

## II.

On March 31, 2014, the government gave notice of its intent to present the testimony of Special Agent James Hardie, FBI, as an expert on various aspects of sex trafficking, including: (a) an explanation of common sex trafficking practices, including the hierarchical structure within a commercial sex trafficking organization, recruiting prostitutes, methods of control over prostitutes, methods of obtaining clients, and site selection/venue of prostitution; (b) an explanation of common characteristics in females who are recruited into commercial sex trafficking; and (c) victim behavior as it relates to prostitution. (Dkt. No. 29.)

Defendant moves to exclude SA Hardie's expert testimony because sex trafficking is not a specialized field outside the ken of a lay person. Defendant also asserts that from a social-sciences standpoint, there is no indication that the proffered testimony would be reliable. Defendant supports this assertion with two academic articles suggesting that there are a diversity of relationships that occur in street-based sex work, and that a one-size-fits-all narrative of the child victim and the adult exploiter does not reflect the realities of street-based sex work. (Dkt. No. 32, Def.'s Mot., Attach. 1.)

SA Hardie was examined by counsel for the government and the defense at the final pretrial conference on April 21, 2014. For five years, from 2008 to 2013, SA Hardie served as the coordinator of a northwest Ohio task force on child sex trafficking. In that role he oversaw all of the investigations and personally interviewed hundreds of individuals involved in prostitution, including child victims and pimps. He has provided training to other law enforcement officers in the United States and, at the request of the Department of Justice, traveled to Serbia to train foreign officials on sex trafficking. He is currently assigned as the FBI liaison to the National Center for Missing and Exploited Children where he is involved in the supervision of 70 task forces on child sex trafficking. SA Hardie has previously been qualified as an expert on child sex trafficking in the Sixth Circuit. *United States v. Willoughby*, 742 F.3d 229, 238 (6th Cir. 2014) (Hardie gave expert testimony about the methods pimps use to control their victims).

SA Hardie does not have knowledge of the facts of this case or of prostituting in the West Michigan area. However, he has significant experience in investigating child sex-

trafficking and, through this experience, has developed substantial knowledge about child sex-trafficking throughout the nation. SA Hardie is knowledgeable about the prostitution lifestyle, rules, vernacular, and the various methods and means used by pimps to control child victims. According to SA Hardie, this subculture is not well known, even to law enforcement officers.

The use of expert testimony in child sex trafficking cases is not uncommon. *See*, *e.g.*, *United States v. Anderson*, 560 F.3d 275, 281 (5th Cir. 2009) (finding no abuse of discretion in allowing expert testimony on behavior of pimps); *United States v. Sutherland*, 191 F. App'x 737, 740-41 (10th Cir. 2006) (finding no abuse of discretion in allowing expert testimony on general characteristics of prostitute recruitment and retention including use of affection, photographs, chemical dependency, trading prostitutes, and deprivation of family support); *United States v. Anderson*, 851 F.2d 384, 392-93 (D.C.Cir. 1988) (finding no abuse of discretion in admitting expert testimony on the modus operandi of pimps and on the nature of the relationship between pimps and prostitutes). As noted in *Anderson*, expert testimony may help a jury understand and evaluate inconsistencies in the victims' testimony and the reasons they might remain with a pimp even if he mistreated them as they claimed. 560 F.3d at 281-82 .

The Court is satisfied that SA Hardie can be qualified as an expert witness in child sex trafficking and that his testimony would be relevant in giving the jury the context to evaluate the testimony, particularly as it relates to the means used to recruit and control child victims. However, the Court also has concerns that his testimony, taken in a vacuum, has the potential

for being prejudicial if it takes center stage and displaces the testimony of the Minors. If the government wishes to call this individual, this Court believes that any prejudice to Defendant would be lessened considerably if the expert's testimony is given following victims' testimony rather than preceding the victims' testimony and is confined to the issues of recruitment and control. Defendant's motion to exclude expert testimony will accordingly be denied.

An order consistent with this opinion will be entered.


Dated: <u>April 23, 2014</u>                            <u>/s/ Robert Holmes Bell</u>
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE