UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                      File No.  1:13-CR-246

v.

                                      HON. ROBERT HOLMES BELL

EDDIE ALLEN JACKSON,

       Defendant.

                                       /

**O P I N I O N**

Defendant Eddie Allen Jackson has been charged with three counts of sex trafficking of minors in violation of 18 U.S.C. § 1591(a)(1). (Dkt. No. 1, Indictment.) This matter is before the Court on Defendant's motion pursuant to Rule 412 of the Federal Rules of Evidence to allow admission of evidence that the alleged victims engaged in other sexual behavior and his proffer of evidence in support of the motion. (Dkt. Nos. 31, 41.) For the reasons that follow, Defendant's request will be denied.

Rule 412 provides that in a criminal proceeding involving alleged sexual misconduct, evidence offered to prove that a victim engaged in other sexual behavior is not admissible. Fed. R. Evid. 412(a)(1). Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process" and to "encourage[] victims of sexual misconduct to institute and to participate in

legal proceedings against alleged offenders." Fed. R. Evid. 412, Advisory Committee Notes. The rule is subject to three exceptions. Defendant contends that the evidence he seeks to introduce falls within the third exception for "evidence whose exclusion would violate the defendant's constitutional rights," Fed. R. Evid. 412(b)(1)(C), specifically, his Fifth Amendment due-process right to present a full and complete defense and his Sixth Amendment right to confront witnesses.

Defendant seeks to introduce evidence that the three alleged minor victims (the "Minors") had other primps or prostituted on other occasions. Defendant contends that this evidence is relevant to show that the Minors have a motive to protect themselves or their other pimps by falsely accusing Jackson in this case. (Dkt. No. 31, Def.'s Notice at 3.)

The Fifth and Sixth Amendments protect a criminal defendant's right to a fair trial and the right to confront witnesses, but they do not guarantee a criminal defendant the right to unrestricted cross-examination. "[T]he right to present relevant testimony . . . 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (quoting *Rock v. Arkansas*, 483 U.S. 44, 55 (1987)). The constitutional exception to Rule 412's general prohibition against evidence of a victim's other sexual behavior "is intended to cover those infrequent instances where, because of an unusual chain of circumstances, the general rule of inadmissability, if followed, would result in denying the defendant a constitutional right." Fed. R. Evid. 412, Advisory Committee Notes, Congressional Discussion. The determination as to whether exclusion of evidence violates the defendant's constitutional rights "depends on whether the

jury had enough information, despite the limits on cross-examination, to assess the defense theory of bias or improper motive." *Boggs v. Collins*, 226 F.3d 728, 739 (6th Cir. 2000); *see also Dorsey v. Parke*, 872 F.2d 163, 167 (6th Cir. 1989) (noting that a court abuses its discretion when it completely bars all exploration into the complainant's credibility). Even if the limits on cross-examination deny or significantly diminish cross-examination in such a way as to implicate the Confrontation Clause, the violation must still be weighed against the competing interests at stake. *Id.* at 739. In addition, to be admissible, the probative value of the evidence any evidence must not be substantially outweighed by the danger of unfair prejudice or confusion. Fed. R. Evid. 403.

Evidence that the Minors engaged in prostitution for other pimps or on their own does not address any elements of the offense with which Defendant is charged in the Indictment. It would not show that Defendant did not recruit, transport, or maintain the Minors, nor would it show that he did not know that doing so would cause them to engage in commercial sex acts. Defendant contends, however, that the evidence is necessary to show that the Minors may have a motive for falsely accusing Defendant. As the Sixth Circuit recognized in *Boggs*, "'the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." 226 F.3d at 737 (quoting *Van Arsdal*, 475 U.S. at 678-79). "'[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to *show a prototypical form of bias* on the part of the witness.'" *Id.* (quoting *Van Arsdal*, 475 U.S. at 680 (emphasis in *Boggs*)). In *Wealot v.*

*Armontrout*, 948 F.2d 497 (8th Cir. 1991), the court held that the limitation of cross-examination violated the defendant's constitutionally protected right of confrontation where a reasonable jury might have received a significantly different impression of the credibility of the complaining witness had the defense been permitted to show the witness had a "strong motive for falsely accusing" the defendant. *Id.* at 500.

Here, Defendant has not shown a "prototypical form of bias" on the part of the Minors. His theory that the Minors had a motive for falsely accusing Defendant to protect themselves or other pimps is not a natural inference and appears to be based on little more than speculation. In addition, neither the Minors' predisposition to engage in prostitution or their consent to prostitution would be a proper subject of cross-examination Fed. R. Evid. 404(b) (1) (prohibiting predisposition evidence); *United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) (holding that minor victim's willingness to engage in sexual activity is irrelevant to a sex trafficking charge); *United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009) (holding that because minor victims could not legally consent to sex trafficking, evidence of their prior sexual behavior was irrelevant and its exclusion did not violate the defendant's Fifth Amendment due process rights). Introduction of such evidence would accordingly have a tendency to confuse the issues at trial and invite the jury to make its decision on an improper basis.

Because the evidence Defendant seeks to offer is prohibited by Rule 412, because the evidence is weak, and because its introduction would likely introduce prejudice and confusion into the trial, the Court concludes that the evidence does not fall within the

4

constitutional exception to Rule 412. Accordingly, Defendant's motion to introduce Rule 412 evidence will be denied.

An order consistent with this opinion will be entered.


Dated: <u>April 25, 2014</u>　　　　　　　　　　　　<u>/s/ Robert Holmes Bell　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE