UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                      Case No. 1:13-cr-246

EDDIE ALLEN JACKSON,                    HON. JANE M. BECKERING

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Eddie Allen Jackson's motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 171). For the reasons stated below, the Court denies the motion.[1]

**I.    BACKGROUND**

On April 29, 2014, a jury found Defendant guilty on all counts of the three-count Indictment, each count entailing sex trafficking of a different minor in violation of 18 U.S.C. § 1591(a)(1), and (b)(2) (Pre-Sentence Report [PSR, ECF No. 79, filed under restricted access] ¶¶ 2–5). Defendant's total offense level was 39, and his criminal history category was IV, leading to a sentencing guidelines range of 360 months' imprisonment to life (*id.* ¶¶ 67, 86, 118). On September 16, 2014, the Honorable Robert Holmes Bell sentenced Defendant to 360 months' imprisonment as to each of Counts One through Three, to be served concurrently, and to be

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)," Rule 43(b)(4).

followed by 10 years' supervised release for each count, to be served concurrently (Minutes, ECF No. 88; Judgment of Sentence, ECF No. 89). In November 2015, an Amended Judgment of Sentence (ECF No. 104) was issued. Defendant's sentence was reduced to 336 months' imprisonment as to each of Counts One through Three, to be served concurrently. The supervised release term for each count remained the same. On October 1, 2024, this case was reassigned to the undersigned (ECF No. 165). In January 2025, Defendant filed the instant motion.

After Defendant's Sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant filed the motion at bar on January 29, 2025, seeking retroactive application of Amendment 821 to the Court's Judgment of Sentence. Two days later, the Court appointed counsel for Defendant. Pursuant to this Court's Order, the Probation Office prepared a Sentence Modification Report (SMR), which was filed under restricted access on April 10, 2025 (ECF No. 174). On April 29, 2025, Defendant, through appointed counsel, filed a response to the SMR (ECF No. 175). On May 21, 2025, the government filed a response to Defendant's motion (ECF No. 176).

## II.  ANALYSIS

### A.  Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

### B.  Discussion

Defendant's motion implicates Part A of Amendment 821. Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the calculation of his criminal history score (ECF No. 171 at PageID.1652). The author of the SMR agrees that Defendant meets the eligibility requirements for consideration of a reduction in his sentence under Amendment 821, but did not recommend a reduction in this instance "due to [Defendant's] post sentencing conduct and public safety factors outlined [in the SMR]" (ECF No. 174 at PageID.1661).

Defendant had two Status Points added to his criminal history score under what was U.S.S.G. § 4A1.1(d), bringing his total to eight. Applying the changes to the guidelines reflected in U.S.S.G § 4A1.1(e), Defendant's Status Points decrease from eight to six. A criminal history score of six establishes a criminal history category of III rather than IV. Defendant's total offense level of 39 and a criminal history category of III results in an amended guideline range of 324 to 405 months' imprisonment. *See* U.S.S.G. Ch. 5, Part A: Sentencing Table. Thus, Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

4

Pursuant to 18 U.S.C 3582(c)(2), in determining whether a reduction of Defendant's term of imprisonment is warranted, the Court must consider "the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." And as set forth in USSG Section 1B1.10(b), Application Note 1(B), the Court has considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in Defendant's term of imprisonment, as well as his post-sentencing conduct that occurred after imposition of the term of imprisonment in determining whether a reduction is warranted.

In his response to the SMR, Defendant does not dispute the content of his disciplinary record over the last seven years. Instead, he asks the Court to consider the fact that he has already received by the Bureau of Prisons (BOP) appropriate punishment for each of the disciplinary violations (ECF No. 175, PageID.1664). Defendant maintains that "at least eight of the violations related to his trying to avoid dangerous situations where he was at risk of serious injury from other inmates," for which he provides a brief explanation, and he notes that the BOP has reduced his security level (*id*.). Defendant also argues that other factors identified in the SMR have already been accounted for in the guidelines, and that Judge Bell chose not to sentence Defendant above the bottom of the guideline range (i*d*.). The government acknowledges that Defendant is eligible for a reduction, but leaves whether to grant a reduction, and the extent of such, to the Court's discretion (ECF No. 176 at PageID. 1671).

Defendant's motion is properly denied.

As this Court noted in rejecting Defendant's motion for compassionate release (ECF No. 160 at PageID.1624–1625), and as set forth in the PSR, Defendant had a lengthy criminal history preceding the instant offenses. Some of the prior convictions are for violent offenses, such as a

5

2005 conviction for assault with intent to do great bodily harm less than murder.[2]  The nature and circumstances of the instant offenses are disturbing.  Defendant took advantage of three young girls.  He supplied them with drugs and alcohol and prostituted them out on the streets for his own personal gain.  Minor #1 , who was 16 years old at the time of the offense, testified that Defendant punched her in the face, and he told her he would "shoot her" for taking too long with a customer (ECF No. 79, PageID.424).  Minor #2, was 14 years old and a runaway when Defendant recruited her into prostitution (*id.*).  She testified that on one occasion, Defendant punched her in the torso for not doing what he told her to do (*id.*)  Minor #3 was 15 years old at the time of the offense (*id*).

Prior to trial, Defendant and his fiancé had numerous conversations that were recorded by the jail telephone system; they discussed looking for contact information for the Minors in the case through Facebook (*id*. at PageID.425).  Minor #1's boyfriend then received a Facebook message from Defendant's fiancé seeking to manipulate him and deter Minor #1 from testifying (*id.*)

After he was convicted and before he was sentenced, Defendant attempted to have at least one victim change her story by writing her a letter and also calling her mother (*id*).  The Court had to enter an Emergency Protective Order (ECF No. 60), followed by a 3-year Protective Order enjoining Defendant from harassing or otherwise contacting Minor #1, Minor #2, or Minor #3 (ECF No. 62).  A third Order was entered prohibiting Defendant from initiating contact with anyone other than the Federal Public Defender's Office, his fiance, and the probation office presentence writer due to Defendant's conduct at the Protective Order hearing and because "Defendant has demonstrated a lack of respect for authority and a proclivity to interfere with the administration of justice" (ECF No. 64).

---

[2] While in the MDOC, Defendant received approximately 24 misconducts for rule violations to include sexual misconduct-prisoner/other; possession of dangerous contraband; theft; fighting; disobeying a direct order; and possession of stolen property) (ECF No.  79 PageID.433).

As noted by the Probation Office in its SMR (ECF No. 174), Defendant's conduct while incarcerated has not demonstrated that Defendant has made significant strides toward remediation, and he remains a danger to the public.  Given an amended guideline range of 324 to 405 months, for all of the reasons set forth above this Court would still impose 360 months for each of Counts One, Two, and Three, to be served concurrently; this is the effective equivalent of 10 years for Defendant's conduct as to each of the three minor victims, issued consecutively for each count. The Court leaves intact, however, its Amended Judgment of Sentence of 336 months (ECF No. 104).  Therefore:

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 171) is DENIED.

Dated:  May 23, 2025                                         /s/ Jane M. Beckering
                                                                   JANE M. BECKERING
                                                                   United States District Judge